WALDO WALLACE *vs.* WALTER HEYWOOD CHAIR COMPANY.

A written order for the payment of a certain sum out of his wages, drawn, for a sufficient consideration, by a workman, employed under a subsisting engagement for a certain time, upon his employer, and by the latter " accepted, payable when earned," applies to wages earned under a new engagement entered into by the workman immediately upon the expiration of the first for lower wages with the same employer; and is not defeated by a subsequent assignment to another person of the wages to be earned under the new engagement.

ACTION OF CONTRACT upon an order drawn by James Ahern upon the defendants and by them accepted. The case is stated in the opinion.

*C. H. B. Snow*, for the plaintiff.

*J. W. Mansur*, for the defendants.

Dewey, J.  The present case differs somewhat from *Mulhall* v. *Quinn,* 1 Gray, 105, and cases of like nature, where assignments of future earnings, without any present subsisting engagement under which the wages were to be earned, have been held invalid.  The drawer of the order was, on the 5th of February 1858, when it was drawn and accepted, in the service of the defendant, the acceptor.  It was an order on the defendant " to pay to Waldo Wallace fifteen dollars, and charge the same to my account."  It is agreed that orders prior in time had been accepted, sufficient to exhaust all the earnings prior to the 3d of April.  The drawer continued in the service of the acceptor without any intermission to the commencement of this action, and for a period long enough to create the liability attaching to the acceptance of defendant, " accepted, payable when earned," unless the facts stated as to the original contract extending by its terms to the 1st of April only bring this case under the doctrine, that there can be no valid assignment of future earnings where no agreement exists as to such services at the time of the assignment.  Such would have been the case here, had the drawer originally entered into the service of the defendant after the 1st of April, under a contract made subsequently to the date of the order, and this were to be considered a mere assignment of wages to arise under a future contract.  The language of this order was " to pay to Waldo Wallace fifteen dollars, and charge the same to my account."  We think this order may properly be held as attaching to all the earnings of the drawer during the continuous service of the drawer for the defendant.  The extension of the time of the service beyond the 1st of April, and at a reduced rate of wages, did not break the continuity of the service.  If the drawer thus continued in the same service after the 1st of April, the amount accruing therefor was properly applicable to this order.  The laborer had no right to transfer to another person the avails of that subsequent service, or the indebtedness of the defendant therefor, without the assent of the defendant after giving this order.  Notice to him of such subsequent assignments would not supersede his right to apply it on this prior order.  He might, as the plaintiff's order directs,

" charge the same to the account " of the laborer. The drawer continuing to labor in his service, the amount of the order may properly be deducted from the indebtedness for the same. The defendant had, by his acceptance of the order, become liable to pay the amount to the plaintiff, when earned. It was by the words of acceptance " payable when earned," without reference to any particular contract. It was held to be immaterial that the workman was employed to work by the piece, if he was uninterruptedly in the employ of the defendant, in the case of *Hartley* v. *Tapley*, 2 Gray, 565; or that he worked from day to day, and was hired for no specific time. *Taylor* v. *Lynch*, 5 Gray, 49. *Lannan* v. *Smith*, 7 Gray, 150. These latter cases indicate a disposition to relax the rule of confining the validity of such an order and acceptance thereof to cases where there is a specific and definite agreement for labor existing between the parties, in case the party is at the time actually in the service of the acceptor. *Judgment for the plaintiff.*